IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DEVON A. HAMPTON                                                                         PLAINTIFF

vs.                                        Civil No. 1:20-cv-01064

KILOLO KIJAKAZI, Acting Commissioner,[1]
Social Security Administration                                                           DEFENDANT

**MEMORANDUM OPINION**

Devon Hampton ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability application on April 19, 2018, alleging an onset date of September 18, 2007. (Tr. 10, 66-67, 81-82, 171-176). In his application, Plaintiff alleges being disabled due to epileptic seizures and high blood pressure. (Tr. 66-67, 81-82, 189). His application was denied initially on July 27, 2018, and was denied again upon reconsideration on

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 19. These references are to the page number of the transcript itself not the ECF page number.

1

December 13, 2018. (Tr. 97-100, 106-108). Plaintiff subsequently requested an administrative hearing, and this hearing request was granted. (Tr. 113-121). Plaintiff's administrative hearing was held on September 5, 2019, in Little Rock, Arkansas. (Tr. 29-56). At this hearing, Plaintiff was present and represented by counsel. *Id*. Plaintiff and Vocational Expert ("VE") Kola Brown testified at this administrative hearing. *Id*.

On October 24, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 7-23). In his decision, the ALJ found Plaintiff had not engaged in substantial gainful activity ("SGA") since April 19, 2018, his application date. (Tr. 12, Finding 1). The ALJ determined Plaintiff was forty-two (42) years old on the date his application was filed, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). (Tr. 22, Finding 6). The ALJ also found Plaintiff had a limited education and was able to communicate in English. (Tr. 22, Finding 7).

The ALJ then determined Plaintiff had the following severe impairments: seizure disorder and intellectual disorder. (Tr. 12, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13, Finding 3).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 17, Finding 4). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant must take the necessary seizure precautions such as no working around hazards like unprotected heights or dangerous moving mechanical parts, and no driving or operating of heavy equipment. The claimant should have no concentrated exposure to sunlight or heat extremes. The claimant can perform work where the interpersonal contact is only incidental to the work performed (meaning a limited amount of meet and greet, and no sales or solicitation), can perform tasks that can

>be learned in a 30 day period and require little independent judgment to perform those tasks, and can tolerate only occasional changes in a routine work setting.

*Id*.

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 22, Finding 5). Thus, he had no PRW he could perform. The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 9). Considering his RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) kitchen helper (medium) with 280,000 such jobs available in the national economy; and (2) price marker (light) with 300,000 such jobs available in the national economy. (Tr. 23).

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 19, 2018, the date his application was filed, through October 24, 2019, the date of the ALJ's decision. (Tr. 23, Finding 10).

Plaintiff requested the Appeals Councils review of the ALJ's unfavorable disability determination. On September 20, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On November 19, 2020, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 20, 2020. ECF No. 7. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

3

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. § 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). A claimant must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 416.920(a)-(f). The fact finder only considers the Plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. § 416.920(a)(4)(v).

**3.     Discussion:**

In his appeal brief, Plaintiff raises the following three arguments for reversal: (1) whether the ALJ erred in finding Plaintiff's impairments did not meet or equal a Listing; (2) whether the ALJ fully and fairly developed the record; and (3) whether the ALJ properly evaluated the medical opinion evidence. ECF No. 21. For the reasons discussed below, it is recommended the Commissioner's decision to deny benefits be reversed and the case remanded for further development of the record.

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 416.945(a)(1). It is assessed using all relevant evidence in the record. *Id.* The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001)). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

Plaintiff's treating physicians, Dr. Jacquelyn Frigon and Dr. Dichelle George, both concluded Plaintiff has limitations from his seizure disorder. (Tr. 547-550, 552-555). In August 2018, Dr. Frigon reported on examination Plaintiff was mentally challenged, and in August 2019, Dr. George opined in a medical source statement Plaintiff has an intellectual disability. (Tr. 519, 547). Although before the relevant disability period, in July 2014, state agency consultant Dr. Jon Mourot completed a psychiatric review technique form and determined Plaintiff met Listing 12.05 for Intellectual Disability. (Tr. 476). The ALJ also stated in his decision, "[m]ore relevantly, the record reflects diagnosis of intellectual disorder versus borderline intellectual functioning in July 2014." (Tr. 19).

At the administrative hearing, Plaintiff testified he has problems with reading, following instructions at times, and concentration. (Tr. 18, 37-41). Moreover, Plaintiff's mother testified he has the mind of a three-year-old child and stated she helps him with his medications. (Tr. 46-47). Furthermore, Plaintiff was in special education classes and his former teacher submitted a letter stating Plaintiff has difficulty reading and writing, does not recognize basic words when he is reading, and is unable to comprehend written material to get an understanding. (Tr. 34, 48, 236).

The ALJ's RFC determination must be supported by medical evidence that addresses Plaintiff's ability to function in the workplace. "Well-settled precedent confirms that the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010) (quoting *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004)). The Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's RFC.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting said physician review all of Plaintiff's medical records; complete an RFC assessment regarding Plaintiff's capabilities during the time period in question; and provide the objective basis

for the assessment so an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnose Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. *See* 20 C.F.R. § 416.917. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

4. **Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's decision is not supported by substantial evidence in the record. As such, this case is reversed and remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of August 2022.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE